### THOMAS CHADWELL & others, *ex parte*.

### October Term, 1872.

CORPORATION, ORGANIZATION OF.—The Court of Chancery has no power to organize a corporation for any purpose not authorized by general law.

APPEAL DOES NOT LIE FROM REFUSAL TO INCORPORATE.—An appeal cannot be taken from the refusal to organize a corporation.

*Jno. A. Campbell*, for petitioners.

THIS is an application by the petitioners, citizens of Davidson county, to be constituted a body politic and corporate, by the name and style of the Bersheba Springs Company. They ask for the usual corporate powers, together with the right to purchase, hold, and dispose of by sale, lease or otherwise, all such real estate or personal property as may be necessary in the business of the company; and especially to hold by purchase, or otherwise, a certain piece of property in Grundy county, Tennessee, known as "Bersheba Springs," embracing several hundred acres of land, upon which is a hotel and other buildings, make improvements, and do any and all things necessary in fitting, furnishing, and keeping a hotel; and to repair and keep in order all the public roads leading to said hotel; and to purchase and own way-stations, run coaches to and from said

hotel, etc., etc. They ask that their capital stock may be $75,000, divided into shares of $100 each, etc.

I have already decided in the case of *Ex parte* Burns (*ante*, p. 83), that this court has no power to create corporations, or clothe a corporation with any power not expressly conferred upon such a corporation by general law; that the power to grant charters of incorporation is exclusively legislative under the constitution of the state, and cannot be conferred upon or delegated to the courts.

No general law has been passed by the legislature authorizing the organization of a corporation for the purposes set forth in this petition, nor conferring upon any kind of corporation all the powers and privileges sought. It is obvious, therefore, that the petition cannot be allowed.

From this order of dismissal, the petitioners· pray an appeal to the supreme court, but this prayer I am also under the necessity of refusing. An appeal lies from any " judgment or decree " of this court, by any party to the proceedings dissatisfied therewith. Code, § 3155. It must be a "judgment or decree " of the court, as a judicial tribunal, for the adjudication of rights under the constitution and laws of the state. If the jurisdiction be special, and conferred, not upon the court nor upon the Chancellor in his judicial capacity, but upon either in a special character, no appeal lies from his decision. *Wade* v. *Murry*, 2 Sneed, 50 ; *Cooper* v. *Summers*, 1 Sneed, 453. *A fortiori*, where the power conferred is purely ministerial, as I have held the power of organizing corporations to be.

The petition must be dismissed with costs, and the appeal disallowed.

NOTE.—Upon a writ of error from the supreme court sued out by the petitioners, this decision was in all respects affirmed, Nicholson, C. J., delivering the opinion, as was also, in effect, the preceding decision.